Mr. Justice Clayton
delivered the opinion of the court.
In this cause there is a motion on the part of the appellees to dismiss the appeal, because improvidently granted. On the part of the appellants there is a motion for a supersedeas, to suspend proceedings in the chancery court upon its interlocutory order, until the decision in this court. ' We shall consider of both.
The appeal is taken from an order of the Chancellor, appointing-a receiver in the cause, to take charge of the large estate in controversy. The penalty of the bond is two hundred dollars. It is quite manifest that this bond was wholly insufficient as an indemnity to the appellees, because it bears no proportion to the amount of property in controversy. The receiver was required to give a bond in the penalty of one hundred thousand dollars, which was executed by him with several sureties. The bond of the appellant is barely sufficient to secure the costs. The appellant is charged in the bill with insolvency. He is made a defendant in the character of trustee as well as of executor. Much of his dealing, in reference to the property, which is the subject of the suit, is in the former character, and his liability in regard to it is personal. An executor is entitled to an appeal without surety, where the judgment or decree is to affect only the assets of the decedents in his hands; because the appeal bond would bind him personally, and tend to render him liable beyond the assets. But when an executor is in a situation in which a personal judgment or decree can be rendered against him, and in which he may be responsible out of his own funds, then there is no more reason to allow him an appeal without surety, than to allow it to any other person. Dunton v. Robins, 2 Mun. 341; 6 Leigh, 299. The language of the statute, in regard to appeals from interlocutory orders and decrees, is so comprehensive, that we think it will embrace an appeal from an order appointing a receiver. H. & H. 513. It is word for word *681 the same with an act passed in Yirginia in 1816. The facility given to appeals was thereby so much increased, and the docket of the court of appeals in that state so much clogged by its operation, that the right was put under some restrictions in 1828. See 2 Rob. Pr. 423; Lomax v. Picot, 2 Ran. 250. It is evident that the Chancellor, in granting this appeal, did not intend that it should have the effect to suspend his decree, because he has issued an attachment against the party, for a failure to surrender the property to the receiver. If that effect is attached to it, the order is virtually eluded and set at naught, for the party is alleged to be insolvent, and has given no security as executor. Whether the appeal does operate a suspension of the decree, depends on a fair construction of the act on the subject. The most material part of the act is in these words : “ Before granting any appeal, the party shall enter into bond with sufficient security, to be approved by the Chancellor, in a reasonable penalty, with condition to pay, satisfy, and perform, the decree or final order of the superior court of chancery, and all costs, in case the same be affirmed.” If this requisition be complied with, our opinion is, that the appeal by its own forcé does suspend the decree. But without such bond, it would not be proper to allow it so to operate, except in those cases in which the law itself virtually provides, that no security shall be required, as in the case of executors, where the decree is against assets in their hands. The subsequent proceedings in the chancery court, and the inconsiderable amount of the bond, show that the Chancellor did not intend that the appeal should obstruct the enforcement of his order. For us to give it that effect under the circumstances, would defeat the purposes of the law. It does not appear, from the record, that the appeal bond was ever approved by the Chancellor, an important matter in perfecting an appeal. The decree should not be suspended, except upon compliance with the terms prescribed by the statute. We shall therefore, in this instance, not interfere with the proceedings of the Chancellor, in the present posture of the cause.
It would be, in our view, an anomalous proceeding to *682 allow, at this time, a supersedeas to issue from this court. We have very great doubt of its regularity or propriety, when the party had an opportunity to comply fully with the law in regard to appeals, and failed to do so. We shall entertain the appeal, but shall not suspend the proceedings in the chancery court; but leave that matter as the Chancellor placed it.